## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-

Elexis Lee, on behalf of herself and all other plaintiffs similarly situated, known and unknown

      Plaintiff,

v.

Polish on Pearl, Inc., a Colorado Corporation and Amanda Van't Hul, individually

      Defendants.

*JURY DEMAND*

---

## COMPLAINT

---

NOW COMES Plaintiff, **ELEXIS LEE,** ("Plaintiff" or "named Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **POLISH ON PEARL, INC. AND AMANDA VAN'T HUL** (the "Defendants" or "POP"), states as follows:

## I.    NATURE OF ACTION

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS"), the Colorado Wage Act, C.R.S. §8-4-101, *et seq*., and the Denver Citywide Minimum Wage Ordinance, D.R.M.C., §58-1, *et seq* ("CMWO").

## II.    <u>JURISDICTION AND VENUE</u>

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state and municipal statutory claims, pursuant to 28 U.S.C. §1367.

3.    Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants were or are engaged in business in this District.

## III.    <u>THE PARTIES</u>

4.    Defendant, **POLISH ON PEARL, INC.** is a Colorado corporation that owns and operates a beauty and nail salon by the same name. POP provides manicure, pedicure and other salon, spa and beauty services to appointment and walk-in customers.[1]

5.    POP's salon is located at 1111 S. Pearl Street in Denver, Colorado.

6.    POP  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7.    POP ordered, used and handled goods and materials and other products which moved in interstate commerce prior to being used or purchased in Colorado.

8.    During all relevant times, POP was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

---

[1] https://www.polishonpearl.com/about-4

9.  POP, through its owner, Amanda Van't Hul, oversaw all operations of POP, including business strategy and daily operations, sales and customer acquisition, personnel decisions and regulatory compliance. POP was also responsible for assigning tasks, creating and distributing schedules, staff supervision, wage policies and otherwise oversaw all aspects of POP business operations.

10.  Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to POP. POP in turn responded to those communications with the authority described herein.

11.  Defendant **AMANDA VAN'T HUL** is the founder, owner and primary manager of POP. Van't Hul resides and/or conducts business related to POP within the state of Colorado.

12.  Van't Hul resides and/or conducts business related to POP at 1324 Flycatcher Ave. in Brighton, Colorado.

13.  Van't Hul oversaw all operations of POP, including business strategy and daily operations, sales/customer acquisition, marketing, staffing, compliance, budgeting, and was responsible for related executive functions.

14.  Van't Hul was also responsible for assigning tasks, setting strategies and benchmarks, revenue quotas and other minute details, business operations and customer relations of POP.

15.  In her capacity as founder, owner and manager of POP, Van't Hul was vested with the authority to carry out the wage and hour policies of POP.

16.  Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Van't Hul and Van't Hul in turn responded to

those communications with the authority described herein.

17.     Thus, at all times relevant hereto Van't Hul was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

18.     Plaintiff, **ELEXIS LEE,** previously worked for POP as a nail technician. Plaintiff worked for POP from approximately March 2023 to December 2023.

19.     Plaintiff worked for POP as a nail technician.

20.     Plaintiff performed manicures and pedicures and other related salon services for customers.

21.     When Plaintiff was hired in March 2023, she was classified as a non-exempt, hourly employee and paid an hourly rate of $22.00 for hours worked.

22.     On approximately July 6, 2023, Plaintiff was required by POP to sign an "Independent Contractor Agreement" (the "Agreement"). Plaintiff was classified as an independent contractor from July 2023 through the end of her working relationship with POP in October 2023.

23.     Once Plaintiff was converted to an independent contractor, Plaintiff's pay structure changed whereby she was paid by commission and tips rather than an hourly rate. Per the Agreement, Plaintiff was supposed to receive 55% of the service(s) sold and performed, along with some customer tips.

24.     Plaintiff was not compensated any overtime premiums of one and one-half her regular rate of pay for any hours worked over 40 hours in individual work weeks as either an employee or independent contractor.

25.     Based on Plaintiff's knowledge of POP's business and pay structures for all nail technicians and other salon workers, Plaintiff has personal knowledge that all other nail technicians were required to sign the Agreement and were paid in an identical manner to Plaintiff in that they too were not paid all minimum wages, overtime wages, or other earned wages and tips and were subjected to numerous wage deductions.

26.     The claims of the Named Plaintiff, and the Plaintiff Class, are nearly identical in that all nail technicians were:

      a)     Denied overtime pay of one and one-half their regular rates of pay for hours worked over 40 hours in individual work weeks as employees;

      b)     required to execute the Agreement;

      c)     classified as independent contractors;

      d)     paid through commissions and tips;

      e)     not paid an hourly rate,

      f)     not paid the applicable minimum wage, including the minimum wage rate imposed by the City and County of Denver;

      g)     not paid overtime premiums of one and one-half their regular rates of pay or the applicable minimum wage rate (whichever was higher) for hours worked over 40 hours in individual work weeks; and

      h)     subjected to various wage deductions and penalties.

27.     As a result of the common policies described above, the Named Plaintiff and members of the Plaintiff Class were denied minimum and overtime wages, as well as other earned wages through deductions imposed by POP.

28.     Throughout all times pertinent to Plaintiff's claims herein, POP applied common policies as to Plaintiff and other nail technicians at their Colorado business, in that POP failed to compensate workers all earned minimum, overtime and other wages by implementing the pay practices described herein.

29.     Additionally, throughout all times pertinent to Plaintiff's claims herein, POP applied common policies, developed POP and Van't Hul, that were embedded in its wage policies and procedures relative to Plaintiff and other workers.

30.     As a result of the common policies described above, Plaintiff and members of the Plaintiff Class were improperly denied minimum, overtime and other earned wages.

31.     Common questions of law exist among the claims of Plaintiff and members of the Plaintiff Class in that each claims rests upon a challenge of POP claimed pay practices, exception(s) or exemption(s) to federal, state and local wage laws.

32.     All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present nail technicians or salon workers who were classified as independent contractors, through execution of the Agreement or otherwise, and paid as described herein.

33.     Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, as employee(s) performing duties for an enterprise engaged in commerce, the Named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

34.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by POP's failure to comply with 29 U.S.C. §201 *et seq.*, to recover unpaid minimum and overtime wages and additional damages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Colorado Overtime and Minimum Pay Standards Order, #38

35.    Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

36.    Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*, Count V of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

**Colorado Wage Act**

37.     Pursuant to the Colorado Wage Act, §8-4-101, *et seq*., C.R.S., Count VI of this action is Plaintiff to recover earned, vested and determinable unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

38.     Pursuant to the Colorado Wage Act, §8-4-105, *et seq*., C.R.S., Count VII of this action is brought by the Named Plaintiffs to recover improper deductions in the form of money POP deducted from Plaintiff, including deductions which reimbursed POP for business expenses or served to penalize Plaintiff and members of the Plaintiff Class. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VII. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

**Denver Citywide Minimum Wage Ordinance**

39.     Pursuant to the Denver Revised Municipal Code §58-1, *et seq*, Count VIII of this action is brought by Plaintiff to recover unpaid minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VIII. The claims asserted by Plaintiff herein under the CWA are proper for certification under Federal Rule of Civil Procedure 23.

40.    Pursuant to the Denver Revised Municipal Code §58-1, *et seq*, Count IX of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IX. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

## V.    FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

41.    Plaintiff, at all times pertinent to the cause of action, worked for POP.

42.    Plaintiff's worked as a nail technician was integral and indispensable to POP's business, as without the work performed by Plaintiff, POP would be unable to run their salon business properly or competently or in a way that carried out the business objectives of POP.

43.    Plaintiff was hired by POP in approximately March 2023.

44.    When Plaintiff was hired by POP, she completed an IRS Form W-4 and gave it to Van't Hul.

45.    Plaintiff was initially classified by POP as a non-exempt W2 employee.

46.    Plaintiff was hired as a nail technician and was paid $22.00 per hour.

47.    As a nail technician, Plaintiff performed salon and beauty services, including manicures, pedicures, waxing and other related duties.

48.    Throughout the working relationship, Plaintiff would use a sign in/out sheet to record working time, services performed, duration of services, cost of service(s), customer name and customer payment method.

49.    At least once during her time as a POP employee, Plaintiff worked more than 40

hours in an individual work week.

50.     At least once during her time as a POP employee, Plaintiff worked more than 40 hours in an individual work week and was not compensated overtime premiums of one and one-half times her regular rate of pay ($22.00) for the hours worked over 40 in said work week(s).

51.     On approximately July 6, 2023, POP presented Plaintiff with the Agreement and required her to sign it in order to continue working at POP. As described above, the Agreement purported to establish Plaintiff as an independent contractor and set forth terms pertaining to payment for her work (salon services provided to customers), company policies, costs, wage deductions and penalties and other purported legal obligations.

52.     Plaintiff worked for POP as an independent contractor from approximately July 6, 2023 to October 2023.

53.     As an independent contractor, POP required Plaintiff to be on POP's premises from approximately 9:30 a.m. to 7:00 or 8:00 p.m., as Plaintiff was responsible for opening and closing the salon each day she worked.

54.     Plaintiff was typically scheduled to work five (5) or six (6) days per week. Plaintiff regularly worked and was otherwise present on POP's premises for more than 40 hours each week.

55.     POP and Van't Hul unilaterally determined and set Plaintiff's work schedule.

56.     While Plaintiff was an independent contractor, POP did not pay Plaintiff based on her total hours worked or otherwise spent on POP's premises each week.

57.     As a purported independent contractor, Plaintiff's pay structure was changed by POP whereby Plaintiff was to be paid by commission and tips rather than an hourly rate. Per the Agreement, Plaintiff was supposed to receive 55% of the service(s) sold and performed, along

with some customer tips.

58.     Plaintiff's earned commissions and tips, when divided by hours worked to determine the regular rate of pay, almost always amounted to less than the applicable minimum wage set forth by the CMWO.

59.     At times, Plaintiff's regular rate also fell below the minimum wage established by the FLSA and COMPS.

60.     Despite the Agreement's terms to compensate Plaintiff a portion of services performed (along with some customer tips), Plaintiff was regularly denied these wages by POP.

61.     On a regular basis, POP and Van't Hul would refuse to tender and withhold from Plaintiff her earned commissions and/or tips. POP withheld payments from Plaintiff for several reasons, including instances where POP unilaterally determined that Plaintiff did not complete salon services within a certain amount of time.

62.     For example, if a certain service was to be completed in 30 minutes, and Plaintiff completed that service in 40 minutes, POP (through Van't Hul) would withhold Plaintiff's commissions and tips earned from that service, such that Plaintiff would not be paid for the work.

63.     Plaintiff was not compensated for business POP deemed was generated by POP.

64.     If Plaintiff did not have any of her own appointments, POP paid Plaintiff $10 for the entire business day. This $10 stipend fell woefully short of each applicable minimum wage established by the FLSA, COMPS and CMWO.

65.     During the majority of Plaintiff's working relationship with POP, POP improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on a commission basis and as such, illegally failed to compensate her proper minimum wages and overtime pay for

hours worked over 40 per work week.

66.    Throughout her time working for POP, Plaintiff:

a)    worked only for POP and did so on an open-ended and permanent basis;

b)    did not make a substantial investment in the business, facilities or equipment;

c)    did not hold herself out to the community as a professional for hire in a particular trade or industry, including for beauty or salon services;

d)    had no opportunity for profit or loss based on the quality of her work;

e)    did not control the nature of her work or work schedule or how her work was to be performed;

f)    did not engage in open market competition with other contractors in the same or similar trade or industry, including beauty or salon services; or

g)    operate an independent business organization or operation.

67.    Additionally, POP subjected Plaintiff to numerous wage deductions that were enumerated in the Agreement, including:

a)    charging Plaintiff $1 per day for access to POP's credit/debit card processing system, whereby POP would deduct the amount at the end of the day from the total POP was to pay Plaintiff;

b)    charging Plaintiff a fee "retained by [POP] as a space/jobsite rental as compensation to [POP] for providing a top quality business place for performance of [Plaintiff's] services";

c)    charging Plaintiff 3% of each service she performed to "use [POP's]

products" including polish, buffers, and other tools, while also "encourage[ing]" Plaintiff to "use [POP's] products;

    d)    penalizing Plaintiff 10% of her daily sales for failure to comply "with all of [POP's] general standards and procedures when working on-site", including failure as determined by POP to "properly clean and restock the job site each day at day's end".

68.    Each of these deductions enumerated in the Agreement and otherwise imposed and executed by POP as to Plaintiff and other nail technicians were illegal and in violation of state law.

69.    The numerous deductions imposed and carried out by POP were illegal because the deductions and penalties:

    a)    rendered Plaintiff's regular rate lower than the applicable minimum wage;

    b)    were not based upon an enforceable written agreement[2];

    c)    were not for the employee's benefit[3]; and

    d)    were directly related to POP's cost of doing business.

70.    POP implemented these deductions in order to pass off their own business expenses and costs to Plaintiff.

71.    These deductions imposed by POP specifically required Plaintiff to incur POP's business expenses by shifting expenses to Plaintiff's wages for her to bear.

72.    These deductions imposed by POP represented illegal shifts of business expenses, since the deductions:

    a)    were primarily for POP's benefit;

---

[2] As alleged herein, the Agreement between Plaintiff, and members of the Plaintiff Class, and POP is unenforceable.
[3] In fact, the deductions at issue in this Complaint were specifically intended to penalize Plaintiff. For that reason alone, the alleged illegal deductions referenced herein could not be found to have benefitted Plaintiff and other nail technicians under any circumstance.

b)      were not reimbursed by POP to Plaintiff or any other nail technician; and

c)      were not reimbursed to Plaintiff and other nail technicians, and as such, drove wages below the applicable minimum and overtime wage(s).

73.     In approximately October 2023, Plaintiff's working relationship with POP ended.

74.     While working for POP as both an employee and independent contractor, Plaintiff was denied overtime premiums.

75.     While working for POP as an independent contractor, Plaintiff was denied minimum wages, overtime wages and other earned wages through numerous POP policies and practices and deductions/penalties.

76.     While working for POP as an independent contractor, Plaintiff was subjected to numerous illegal wage deductions and wage penalties.

77.     Plaintiff should have at all times been classified by POP as a non-exempt hourly employee.

78.     Plaintiff was at all times entitled to the applicable minimum and overtime wage rates prescribed by law.

79.     POP's classification of Plaintiff as an independent contractor was at all times improper, unlawful and illegal. Because POP's classification of Plaintiff and members of the Plaintiff Class as independent contractors was improper and unlawful, the Agreement was and is unenforceable as a matter of law.

80.     POP's classification of Plaintiff as an independent contractor was intentional and willful.

81.     POP's scheme to classify nail technicians as independent contractors through

required signature of the Agreement aided POP in avoiding worker's compensation insurance obligations under the Worker's Compensation Act[4] (as well as other insurance obligations and requirements), minimum wage and overtime obligations set forth by the FLSA, COMPS, CWA and CMWO, as well as numerous tax obligations required by the Internal Revenue Code.

82.    As a result of POP's improper classification of Plaintiff as an independent contractor, POP failed to make required contributions to Medicare, Medicaid, Social Security, Unemployment Security, etc., and denied Plaintiff and other nail technicians contributions to these accounts.

83.    As a result of POP's improper classification of Plaintiff as an independent contractor, POP failed to make required employer tax contributions which resulted in decreased amounts of taxes paid by POP to the United States Treasury, Internal Revenue Service, the Colorado Department of Revenue and other authorities.

84.    Plaintiff and all other nail technicians worked under identical or substantially similar terms by way of required execution of the Agreement. All nail technicians were provided identical or substantially similar copies of the Agreement, as well as position descriptions (or the like) at the start of the working relationship.

85.    The common terms enumerated in the Agreement for nail technicians, including the pay practices identified herein, were intentionally and purposefully made identical by POP.

86.    The uniform and common practices and policies implemented by POP, through the Agreement or otherwise, including the job duties and compensation structures, applied to all nail technicians, including Plaintiff.

---

[4] C.R.S. 8-14.5, *et seq.*

87.    Due to the uniform and common policies and practices implemented by POP through the Agreement and otherwise, most, if not all, of the nail technicians job duties as described were identical.

88.    At all times during Plaintiff's working relationship with POP, she should have been classified as a non-exempt hourly employee and paid required minimum wages and overtime premiums for all hours worked over 40 in individual work weeks.

89.    Plaintiff and members of the Plaintiff Class were paid below the minimum applicable minimum wage rate.

90.    Plaintiff and members of the Plaintiff Class worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay.

91.    Plaintiff and members of the Plaintiff Class were subjected to improper and illegal pay deductions and penalties.

92.    Plaintiff and members of the Plaintiff Class were subjected to numerous improper pay practices which contradicted the requirements of the federal, state and local statutes herein relied upon.

93.    POP has, both in the past and presently, willfully hired Plaintiff and members of the Plaintiff Class without compensating them at the applicable minimum or overtime rates of pay.

94.    The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of POP, in that POP recorded or should have recorded such hours pursuant to the record keeping requirements found

Title 29 CFR, Part 516. To the extent POP lacks the records required by 29 CFR Part 516, Plaintiff and members of the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

95.    The non-compliant practices as alleged herein are common to Plaintiff and all other members of the Plaintiff Class.

96.    Upon information and belief, Plaintiff understood that other nail technicians at POP were required to sign the Agreement and were also:

      a)    paid in the same or similar fashion as described above;

      b)    denied minimum wages;

      c)    denied overtime premiums for hours worked in excess of 40 in individual work weeks; and

      d)    subjected to illegal wage deductions and penalties.

97.    Plaintiff, and members of the Plaintiff Class on a regular basis worked without required minimum wages and pay at a rate of time and one-half their hourly rates of pay for hours worked over 40 pursuant to the requirements of the federal, state and municipal law.

98.    Plaintiff and members of the Plaintiff Class were not exempt from the minimum wage or overtime provisions of the FLSA, COMPS or CMWO.

99.    Likewise, Plaintiff and members of the Plaintiff Class were entitled to the wage protections afforded by the CWA, which applies to wage deductions as well as timely payment of earned overtime wages. As such, Plaintiffs and similarly situated employees were and are entitled wages taken from them by POP pursuant to wage deductions and penalty policies and overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual

work weeks.

100.    The claims brought herein by the Named Plaintiff are based on non-compliant practices and policies implemented by POP and are identical or similar to the claims of other past and present nail technicians who were subject to the same non-compliant policies and practices alleged herein. Those past and present workers are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-100.  Paragraphs 1 through 100 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 100 of this Count I.

101.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

102.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

103.    Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum wage or maximum hours provisions of 29 U.S.C. § 206, 207.

104.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than both the minimum wage and one and one-half times their regular rates of pay for all hours worked in excess of forty

(40) in any week during the two (2) years preceding the filing of this action.

105.    Defendants have at all times relevant hereto failed and refused to pay compensation to employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid minimum wage and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    prejudgment interest with respect to the total amount of unpaid minimum wages overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d)    such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-105.  Paragraphs 1 through 105 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 105 of Count II.

106.    POP's actions as complained above were done with POP's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

107.    Through legal counsel as well as industry experience and custom, and the

extraordinary resources available to POP, POP possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

108.    Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to minimum wages and overtime compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid minimum wage and overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)    such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-108.  Paragraphs 1 through 108 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 108 of Count III.

109.    In denying Plaintiff and members of the Plaintiff Class compensation as described

above, Defendants' acts were not based upon good faith or reasonable grounds.

110.    Through legal counsel as well as industry experience and custom, and the extraordinary resources available to POP, POP possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

111.    The Named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    liquidated damages equal to the amount of all unpaid compensation;

(b)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)    such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO OVERTIME
### AND MINIMUM PAY STANDARDS ORDER, #38

### MINIMUM WAGES

1-111.    Paragraphs 1 through 111 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 111 of this Count IV.

112.    As described in the foregoing paragraphs, Defendants' compensation policies and

practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*.

113.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the minimum wage provisions of COMPS 7 CCR 1103-3.1.

114.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

115.    Under COMPS 7 CCR 1103-3.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked for POP, they were entitled to the applicable minimum wage set forth by COMPS.

116.    Defendants' failure and refusal to pay minimum wages was a violation of the minimum wage provisions of COMPS 7 CCR 1103-3.1.

117.    COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of minimum wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid minimum wages;

(c)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)    such additional relief the Court deems appropriate under the circumstances.

### COUNT V

**SUPPLEMENTAL STATE LAW CLAIM
VIOLATION OF THE COLORADO OVERTIME
AND MINIMUM PAY STANDARDS ORDER, #38**

### OVERTIME WAGES

1-117.  Paragraphs 1 through 117 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 117 of this Count V.

118.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*.

119.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the overtime wage provisions of COMPS 7 CCR 1103-4.1.

120.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

121.    Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members

of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times the applicable minimum wage or regular hourly rates of pay, whichever was higher.

122.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

123.    COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)    such additional relief the Court deems appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

### NON-PAYMENT OF EARNED WAGES

1-123.  Paragraphs 1 through 123 of Count V are re-alleged and incorporated as though set

forth fully herein as Paragraphs 1 through 123 of this Count VI.

124.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq*.

125.    The CWA defines wages as "[a]ll amounts for labor or service performed by employees", regardless of whether "the amount is fixed or ascertained by the standard of time". Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable". CWA, C.R.S. §8-4-101(14(a)(I)-(III).

126.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each an "employee" under CWA, C.R.S. §8-104-101(5) and were not exempt from the CWA's protections.

127.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by CWA, C.R.S. §8-104-101(6) and were not exempt from compliance with the CWA.

128.    Pursuant to CWA, C.R.S. §8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class worked at a rate less than the applicable minimum wage.

129.    Pursuant to CWA, C.R.S. §8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class worked hours in excess of 40 in individual work weeks which required pay at time and on-half their regular hourly rates of pay.

130.    Once Plaintiff and members of the Plaintiff Class worked at the rates tendered to them by POP, they earned minimum wages and overtime compensation, although they were not paid.

131.    As such, the minimum wages and overtime premiums for which Plaintiff and members of the Plaintiff Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

132.    Plaintiff and members of the Plaintiff Class did not receive minimum wages or overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks.

133.    Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer fails to pay an employee their earned, vested and determinable wages as set forth by the CWA within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

134.    Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a) for unpaid minimum and overtime wages and other relief on behalf of herself and members of the Plaintiff Class .

135.    Since POP failed to tender the demanded compensation in the amounts due to Plaintiff and members of the Plaintiff Class within the fourteen (14) day period allotted by the CWA, Plaintiff and members of the Plaintiff Class will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

136.    Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

137.    POP failure and refusal to pay earned wages, as demanded herein within the

fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

138.    Plaintiff and members of the Plaintiff Class are owed all earned, unpaid overtime wages and statutory penalties, including increased penalties for willful violations of the CWA.

139.    Per CWA, C.R.S. §8-4-110, Plaintiff and members of the Plaintiff Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    unpaid, earned and vested overtime wages;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for POP willful violation of the CWA;

(d)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violations of the Colorado Wage Act; and

(f)    such additional relief the Court deems appropriate under the circumstances.

## COUNT VII

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE COLORADO WAGE ACT

### WAGE DEDUCTIONS

1-139.    Paragraphs 1 through 139 of Count VI are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 139 of this Count VII.

140.    As described in the foregoing paragraphs, Defendants' compensation policies and

practices are in violation of the Colorado Wage Act, C.R.S. §8-4-101, *et seq*.

141.    The CWA states that "[n]o employer shall make a deduction from the wages or compensation of an employee except as [otherwise provided in this Section]". C.R.S. §8-4-105.

142.    The CWA states that "[n]othing in this section authorizes a deduction below the minimum wage applicable under the Fair Labor Standards Act of 1938, 29 U.S.C. sec. 201 *et seq*.". C.R.S. §8-4-105.

143.    The CWA states that "[a]ny agreement, written or oral, by any employee purporting to waive or to modify such employee's rights in violation of this article shall be void". C.R.S. §8-4-121

144.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each an "employee" under CWA, C.R.S. §8-104-101(5) and were not exempt from the CWA's protections.

145.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by CWA, C.R.S. §8-104-101(6) and were not exempt from compliance with the CWA.

146.    Pursuant to the Agreement, Plaintiff and members of the Plaintiff Class were subjected to numerous wage deductions and penalties imposed by POP.

147.    POP carried out the deductions and penalties enumerated in the Agreement and in fact executed these wage deductions and penalties as to Plaintiff and members of the Plaintiff Class.

148.    As such, Plaintiff and members of the Plaintiff Class were victims of wage

deductions prohibited by the CWA.

149.     The wage deductions and penalties carried out by POP did not fit under any exception or exemption to the wage deduction requirements set forth by the CWA.

150.     As such, POP's execution of wage deductions and penalties and retention of monies in conjunction with those deduction and penalties violated the wage deduction requirements of the CWA and deprived Plaintiff and members of the Plaintiff Class earned wages.

151.     Pursuant to CWA, C.R.S. §8-4-109(3)(b), if an employer violates the CWA and fails to pay an employee their earned, vested and determinable wages as set forth by the CWA (including wages lost due to wage deduction practices imposed by POP) within fourteen (14) days of service of a written demand, the employee is entitled to a penalty of a) 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due.

152.     Plaintiff's Complaint herein serves as a valid written demand under the CWA, C.R.S. §8-4-101(15) and -109(3)(a) for improperly deducted wages and other relief on behalf of herself and members of the Plaintiff Class .

153.     Since POP failed to tender the demanded compensation in the amounts due to Plaintiff and members of the Plaintiff Class within the fourteen (14) day period allotted by the CWA, Plaintiff and members of the Plaintiff Class will be entitled to recover penalties described by to CWA, C.R.S. §8-4-109(3)(b) and (c).

154.     Pursuant to CWA, C.R.S. §8-4-109(3)(c), if the employee can prove that the employer's failure to pay wages due under the Act, each of the penalties set forth under CWA, C.R.S. §8-4-109(3)(b) shall increase by 50%.

155.    POP failure and refusal to pay earned wages, as demanded herein within the fourteen (14) day period described by the CWA, C.R.S. §8-4-109(3)(a.5), was willful and in bad faith.

156.    Plaintiff and members of the Plaintiff Class are owed all earned wages, withheld by POP by way of deductions, and statutory penalties, including increased penalties for willful violations of the CWA.

157.    Per CWA, C.R.S. §8-4-110, Plaintiff and members of the Plaintiff Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

WHEREFORE, Plaintiff, on behalf of herself and those similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    unpaid, earned and vested wages retained by POP through wage deductions and penalties;

(b)    statutory penalties of 125% of the amount of wages due up to and including $7,500; and b) 50% of the amount for wages due over and above the first $7,500 due;

(c)    additional statutory penalties of 50% on top of the penalties prescribed by CWA, §8-4-109(3)(b) for POP willful violation of the CWA;

(d)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violations of the Colorado Wage Act; and

(f)    such additional relief the Court deems appropriate under the circumstances.

## COUNT VIII

### SUPPLEMENTAL MUNICIPAL LAW CLAIM
### VIOLATION OF THE DENVER CITYWIDE
### MINIMUM WAGE ORDINANCE

### MINIMUM WAGES

1-157.  Paragraphs 1 through 157 of Count VII are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 157 of this Count VIII.

158.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Denver Citywide Minimum Wage Ordinance, D.R.M.C. §58-1 *et seq*.

159.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each a "worker" under D.R.M.C. §58-1(11).

160.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by D.R.M.C. §58-1(6).

161.    Under D.R.M.C.  §58-15, for all weeks during which Plaintiff and members of the Plaintiff Class worked for POP, they were entitled to the applicable minimum wage set forth by CMWO.

162.    Defendants' failure and refusal to pay minimum wages was a violation of the minimum wage provisions of D.R.M.C. §58-15.

163.    D.R.M.C. §58-6 provides that an employer who fails to pay the required amount of minimum wages due an employee under the law shall be liable to the underpaid employee or

employees for:

      a)     the payment of any wages unlawfully withheld (including amounts that accrued after the filing of the civil action);

      b)     interest on unpaid minimum wages at a rate of twelve (12) percent per annum from the date such wages were first due;

      c)     a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;

      d)     liquidated damages in an amount equal up to three (3) times the amount of unpaid minimum wages in connection with such wages; and

      e)     reasonable attorney fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     the payment of any wages unlawfully withheld (including amounts that accrued after the filing of the civil action);

(b)     interest on unpaid wages and overtime compensation at a rate of twelve (12) percent per annum from the date such wages were first due;

(c)     a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;

(d)     liquidated damages in an amount equal up to three (3) times the amount of unpaid minimum wages in connection with such wages;

(e)     reasonable attorney fees and costs; and

(f)    such additional relief the Court deems appropriate under the circumstances.

## COUNT IX

### SUPPLEMENTAL MUNICIPAL LAW CLAIM
### VIOLATION OF THE DENVER CITYWIDE
### MINIMUM WAGE ORDINANCE

### OVERTIME WAGES

1-163.    Paragraphs 1 through 163 of Count VIII are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 163 of this Count IX.

164.    As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Denver Citywide Minimum Wage Ordinance, D.R.M.C. §58-1 *et seq*.

165.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Plaintiff, and members of the Plaintiff Class, were each a "worker" under D.R.M.C. §58-1(11).

166.    Notwithstanding any purported 1099 independent contractor relationship claimed by POP as to Plaintiff or any other nail technicians, Defendants were each an "employer" as defined by D.R.M.C. §58-1(6).

167.    Under D.R.M.C. §58-18(b), for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times the applicable minimum wage or regular hourly rates of pay, whichever was higher.

168.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of D.R.M.C. §58-18(b).

169.    D.R.M.C. §58-6 provides that an employer who fails to pay the required amount of minimum wages due an employee under the law shall be liable to the underpaid employee or employees for:

a)    the payment of any wages unlawfully withheld (including amounts that accrued after the filing of the civil action);

b)    interest on unpaid wages and overtime compensation at a rate of twelve (12) percent per annum from the date such wages were first due;

c)    a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;

d)    liquidated damages in an amount equal up to three (3) times the amount of unpaid wages and overtime compensation in connection with such wages; and

e)    reasonable attorney fees and costs.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    the payment of any wages unlawfully withheld (including amounts that accrued after the filing of the civil action);

(b)    interest on unpaid overtime compensation at a rate of twelve (12) percent per annum from the date such wages were first due;

(c)    a penalty in the amount of one hundred dollars ($100.00) to each worker whose rights under this article were violated for each day that the violation occurred or continued;

(d)    liquidated damages in an amount equal up to three (3) times the amount of unpaid

overtime compensation in connection with such wages;

      (e)     reasonable attorney fees and costs; and

      (f)     such additional relief the Court deems appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 12/19/2023***

<u>/s/ Samuel D. Engelson</u>
Samuel D. Engelson
Colorado Bar No: 57295

John William Billhorn
Attorneys for Plaintiff, and those similarly
situated, known and unknown

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312)-853-1450

7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
(720)-386-9006